CITY OF SCHENECTADY, Respondent, *v.* ALUMNI ASSOCIATION OF UNION CHAPTER, DELTA CHI FRATERNITY, INC., Appellant.

Third Department, December 19, 1957.

*Charles A. Brind, Jr.,* and *Homer E. Peters* for appellant.

*Charles Ward Brown, Corporation Counsel,* for respondent.

*Per Curiam.* In 1927 the City of Schenectady adopted a Zoning Ordinance which divided the city into seven districts which included, among others, " A " — Single-Family Residence District; " B " — Two-Family Residence District, and " C " — Multiple Dwelling District. At the time of the adoption of the ordinance the property in question was occupied as a one-family house, for which it was designed. Practically all of the houses in the vicinity were likewise designed and occupied. Later the house concerned here became unoccupied for a considerable time and was eventually, in 1948, purchased on contract by defendant upon condition that the ordinance could be changed to permit its use as a college chapter house of a fraternity.

The record seems clear that the premises became occupied by the student members of the Union College Chapter of the fraternity with full knowledge of the fact that the house was in the " A " single-family residence zone, and in the belief that the ordinance could and would be changed by amendment to permit such occupancy. Extensive efforts were made to obtain such a change in the ordinance without success. Now defendant contends that: (1) a college fraternity with 23 resident members is " a single family "; (2) that, as applied to the facts surrounding defendant's situation, the Zoning Ordinance is unconstitutional, discriminatory and so inequitable that injunctive relief should not have been granted.

In support of the first contention defendant relies principally upon *City of Syracuse* v. *Snow* (123 Misc. 568). An examination of that case, which was not appealed, reveals a more inequitable situation, involving numerous sororities, than exists here. Insofar as that case is urged as an authority for the proposition that a group of 23 students, unrelated by blood and coming from widely separated localities, constitute a " single family " within the meaning of this Zoning Ordinance, we decline to follow it. Considering the ordinary and commonly accepted meaning of the terms " single family residence " and " one family dwellings," in the light of the obvious objectives of the Zoning Ordinance, such an approach is unrealistic and without merit.

Moreover, the ordinance expressly provides that the " C " zone, known as a multiple dwelling zone, includes, as a permissive use, " Private Clubs, *Fraternities,* Lodges " etc. (emphasis supplied). The argument that because the word " college " does not precede the word " fraternities " excludes the defendant from this express provision is not very persuasive.

The record, consisting of undisputed facts, does not sustain defendant's other contentions. The general constitutionality of this particular Zoning Ordinance has been determined. (*Rice* v. *Van Vranken,* 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541.) Defendant purchased a vacant, "single family" house, which had never been used otherwise, with full knowledge that it was located in the "A" zone, limited to single family residences by the ordinance. The fact that plans and expectations that the ordinance would be amended went awry provides no sound basis for now saying that defendant's constitutional rights have been violated.

The order and judgment should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Order and judgment affirmed, without costs.