PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT *v.* SYNANON FOUNDATION, INC., ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

---

[1] See § 390g, entitled "Intra-Family Immunity," of the Restatement (Second), Conflict of Laws (Tent. Draft No. 9, 1964).

Argued December 7, 1965—decided January 5, 1966

*Edwin K. Dimes,* for the appellant (plaintiff).

*Jack Waltuch,* with whom, on the brief, were *Donald J. Irwin* and *Nicholas A. Cioffi,* for the appellees (defendants).

COTTER, J. This is an appeal by the plaintiff from a denial by the court of an injunction against

the defendants. The issue is singular and unique in its facts. The appeal raises the question whether the court erred in failing to find that the defendant Synanon Foundation, Inc., was in violation of §1 (B) (1) of chapter 3 of the Westport zoning regulations (1958, as amended), which limits the occupancy of dwellings in the town's AAA residential zone to "one family per lot." It should be emphasized that the nature of Synanon's program, which may be meritorious, is not involved as an issue in this case, and our decision is directed solely to the interpretation and enforcement of the zoning ordinance already described.

A lengthy recital of the facts is unnecessary. Synanon Foundation, Inc., a charitable foundation incorporated under the laws of California, leased a very large house at 249 Greens Farms Road, which is in a restricted residential area designated by the Westport ordinance as an AAA zone. The plaintiff claimed that Synanon was violating the one family per lot zoning restriction and brought this action to enjoin it and seven individuals from further violation of the ordinance. The issues were tried to the court, which found that the plaintiff failed to prove a violation of the one family per lot restriction. The present appeal was then taken by the plaintiff. The claim as to the seven individual defendants has not been pressed, and we therefore consider only the claim as to Synanon, hereinafter referred to as the defendant.

From the trial court's finding of subordinate facts, together with such corrections as are warranted, the conclusion is inescapable that the premises were residentially occupied by a large number of persons who, with minor exceptions, were unrelated to one another. There was testimony

by town officials that in the course of their inspections, which covered thirty-eight separate dates during the period from February 27, 1963, to March 18, 1964, they found that a number of persons, ranging in total from eleven to thirty-four, were ostensibly living on the premises at various times and for differing periods. These inspections, which were made with the full cooperation of those found on the premises, disclosed twenty-four beds, including one double bed, on the second floor and additional sleeping quarters, as well as a fully equipped barber shop, on the third floor. The rest of the evidence either supports or is consistent with the conclusion that a large number of unrelated persons were residing at the dwelling leased by and under the control of the defendant.

The inclusion of regulated residential districts within the general zoning ordinance, such as we have in this case, has been reviewed and upheld by the courts on many occasions. See, e.g., *Fitzgerald* v. *Merard Holding Co.*, 110 Conn. 130, 138, 147 A. 513, cert. denied, 281 U.S. 732, 50 S. Ct. 247, 74 L. Ed. 1148. The further limitation that a residence may not be used by more than one family is not uncommon in zoning jurisprudence. *Euclid* v. *Ambler Realty Co.*, 272 U.S. 365, 380, 47 S. Ct. 114, 71 L. Ed. 303; note, 95 A.L.R.2d 716, 719.

The only remaining question is whether the phrase "one family," which is left undefined in the Westport zoning ordinance, is broad enough to encompass the group of persons residing at the premises leased by the defendant. The trial court concluded that the use of this property as found was not excluded by the zoning ordinance. The applicable provision of the ordinance, which is a permissive rather than a prohibitory ordinance,

allows "[o]ne detached dwelling for occupancy by one family per lot." Westport Zoning Regs., c. 3, § 1 (B) (1) (1958, as amended). Obviously the use of this dwelling was not by one family, under any definition, since the trial court found that it was occupied over a long period of time by an ever-changing aggregate of individuals. Such a group of individuals, who were sleeping, cooking, eating, working, and carrying on other activities at these premises, cannot be interpreted to come within the meaning of the word "family," either according to common usage or under the dictionary definitions, and the trial court's conclusion to the contrary, in the absence of a controlling definition in the ordinance, cannot be sustained. *Schenectady* v. *Alumni Assn. of Union Chapter, Delta Chi Fraternity, Inc.,* 5 App. Div. 2d 14, 15, 168 N.Y.S.2d 754; *Cassidy* v. *Triebel,* 337 Ill. App. 117, 127, 85 N.E.2d 461; 101 C.J.S., Zoning, § 143. Indeed, if these occupants were held to constitute "one family," it is difficult to imagine any group or organization which would not be considered one family, and the phrase "occupancy by one family per lot" would be rendered superfluous, in conflict with the well-established rule that, whenever feasible, the language of an ordinance will be construed so that no clause is held superfluous, void, or insignificant. *Great Atlantic & Pacific Tea Co.* v. *Scheuy,* 148 Conn. 721, 723, 167 A.2d 862; *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 73, 147 A.2d 472.

The language of the ordinance must be given a construction which is reasonable under all the circumstances. *Hutchison* v. *Board of Zoning Appeals,* 140 Conn. 381, 385, 100 A.2d 839. The word "family" is one of indefinite conception which gives rise to varying definitions. When a court is

called on to give it a specific meaning in order to resolve a particular question of law, it is fundamental that the judicial construction relate to and be consistent with the context in which the word is found. *Kiska* v. *Skrensky,* 145 Conn. 28, 33, 138 A.2d 523. The rationale behind this approach was succinctly analyzed by Mr. Justice Holmes when he remarked that a word is merely "the skin of a living thought."[1] If the word to be interpreted is found in a legislative prescription, the overall purpose of the legislation is of particular relevance in arriving at the appropriate meaning. *Hutchison* v. *Board of Zoning Appeals,* supra. The obvious purpose of the Westport ordinance, and of zoning ordinances in general, is to restrict the manner in which private property may be used, in accordance with a comprehensive plan designed to promote the underlying interests of the community as a whole. One permissible objective in carrying out this overall purpose is to control the population density in residential neighborhoods.[2] *Fitzgerald* v. *Merard Holding Co.,* 110 Conn. 130, 139, 147 A. 513, cert. denied, 281 U.S. 732, 50 S. Ct. 247, 74 L. Ed. 1148; 101 C.J.S., Zoning, §§ 51, 64. The provision limiting occupancy to one family per lot in the AAA residential zone was manifestly in furtherance of this objective. In this context a reasonable judicial construction of the word "family" must be one which excludes the group of persons occupying the premises leased by the defendant. *Schenectady* v. *Alumni Assn.*

---

[1] "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne* v. *Eisner,* 245 U.S. 418, 425, 38 S. Ct. 158, 62 L. Ed. 372.

[2] The purposes of the Westport zoning ordinance, as set out in the preamble, include the following: ". . . to avoid undue concentration of population . . . ." See also General Statutes § 8-2.

*of Union Chapter, Delta Chi Fraternity, Inc.,* supra; *Cassidy* v. *Triebel,* supra. Otherwise, under the position advanced by the defendant, an acknowledged purpose of the zoning ordinance would be defeated through a strained interpretation of its language. Such a result cannot be countenanced. See *Hutchison* v. *Board of Zoning Appeals,* supra; *Glanz* v. *Board of Zoning Appeals,* 123 Conn. 311, 315, 195 A. 186; 62 C.J.S. 844, Municipal Corporations, § 442 (f) (3). In situations where the statute or ordinance has expressly defined the meaning of the term "family," the declared definition of course controls and a different result might be reached. See *Neptune Park Assn.* v. *Steinberg,* 138 Conn. 357, 362, 363, 84 A.2d 687; *Missionaries of LaSalette* v. *Whitefish Bay,* 267 Wis. 609, 614, 66 N.W.2d 627; 58 Am. Jur. 977, Zoning, § 56.

Under the foregoing circumstances we hold that the trial court erred in failing to find that the defendant was in violation of the one family per lot restriction of the Westport zoning ordinance. In the view which we take of the case it is unnecessary to review the questions of evidence which have been made a part of this appeal.

There is error, the judgment is set aside and the case is remanded with direction to issue injunctive relief against the defendant Synanon Foundation, Inc., in proper form, after hearing, to be effective within a reasonable time.

In this opinion the other judges concurred.