[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal raises the question whether six hockey players can be considered a family or single housekeeping unit occupying a building under provisions in zoning regulations requiring its use as a single family residence.
At the time the appeal was taken the subject property at 787 E. Broadway in Milford was owned by the named plaintiff, Morton J. Dimenstein. On June 18, 1991, Dimenstein conveyed the property to Michael A. Romanoff, and a motion to substitute Romanoff as the plaintiff-appellant has been filed pursuant to 52-107 of the General Statutes. That statute and a comparable provision in 99 of the Connecticut Practice Book provides that if a person who is not a party has an interest or title which the judgment will affect, the court, on his motion, shall direct him to be made a party. The defendant Zoning Board of Appeals (hereafter called the Board) has no objection to the substitution of Romanoff as plaintiff-appellant and at the request of the parties and under the unique circumstances of this case, the motion to substitute Romanoff as plaintiff-appellant is granted.[1] Since he is the current owner of the property involved in the appeal, he is aggrieved under 8-8(b) C.G.S. and has standing to maintain the appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 308.
The appeal in this case is from a cease and desist order issued by the zoning enforcement officer, Robert E. Swan, on January 31, 1991. The order claimed that even though the subject property was a single family residence it was being illegally occupied as a two family dwelling by six members of a hockey team. The order directed the property owner to use the dwelling only for single family use and to change the second floor apartment to CT Page 6717 remove the kitchen unit. This order was appealed to the defendant Board on March 1, 1991 within 30 days after it was issued as required by 8-7 of the General Statutes. A public hearing was held on the appeal on April 9, 1991. After the public hearing the Board voted to uphold the decision of the zoning enforcement officer, and published a notice of its decision on April 11, 1991. An appeal was taken within 15 days thereafter. The plaintiff makes two claims in this appeal: (1) the Milford Zoning Regulations do not prohibit more than one kitchen in a single family residence; and (2) the definition of "family" in the Milford Zoning Regulations allows a reasonable number of individuals, including the six hockey players here, to occupy a house as a single family residence.
The Zoning Board of Appeals has the power to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the zoning enforcement officer. Section 8-6(1) C.G.S.; Section 9.2.1, Milford Zoning Regulations; Caserta v. Zoning Board of Appeals, 219 Conn. 352, 359. The Board has the authority to interpret the zoning ordinance and decide whether it applies in a given situation. Stern v. Zoning Board of Appeals, 140 Conn. 241, 245; Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 442; Lawrence v. Zoning Board of Appeals, 158 Conn. 503, 515. The Zoning Board of Appeals holds a de novo hearing on an appeal from a decision of the zoning enforcement officer. Caserta v. Zoning Board of Appeals, 23 Conn. App. 232,236, 237, reversed on other grounds, 219 Conn. 352. In an appeal from the decision of the zoning board of appeals, the Superior Court is not bound by the Board's legal interpretation of the ordinance. Melody v. Zoning Board of Appeals, 158 Conn. 516,518. The interpretation of a zoning ordinance is a question of law for the court. Danseyar v. Zoning Board of Appeals, 164 Conn. 325,327; Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620; Miniter v. Zoning Board of Appeals, 20 Conn. App. 302, 309. Where the Board gives reasons for its action, the question is whether the reasons given are supported by the record and pertinent to the decision. Molic v. Zoning Board of Appeals, 18 Conn. App. 159, 164, 165. Horn v. Zoning Board of Appeals, 18 Conn. App. 674, 676. If the Board fails to give reasons, the Court searches the record to discover a sufficient reason to support the Board's decision. Manchester v. Zoning Board of Appeals, 18 Conn. App. 69, 71, cert. denied212 Conn. 804.
In this case the Board did not give specific reasons for denying the appeal, but merely voted to uphold the decision of the zoning enforcement officer in issuing the cease and desist order against two family use. The cease and desist order indicated that the zoning enforcement officer had inspected the property on January 2, 1991 and discovered that the hockey team was still occupying both floors of the dwelling and that both floors had complete kitchens. The cease and desist order and the record before CT Page 6718 the Board at the public hearing indicated that the town's zoning records show that the dwelling was designed for and permitted as a single family residence. The zoning enforcement officer concluded that the use violated sections 8.3 (application for zoning permit) 8.5 (approval of application for zoning permit) and 8.8 of the zoning regulations (issuance of certificate of zoning compliance).
On appeal the court decides whether the Board's findings are reasonably supported by the record and whether the reasons given are pertinent to the Board's decision; the court cannot make its own determination on questions of fact and substitute its judgment for the agency. Horn v. Zoning Board of Appeals, supra, 677, 679. Where there is a mixed question of fact and interpretation of the ordinance, the question is whether the zoning board of appeals correctly interpreted the ordinance and applied it with reasonable discretion to the facts. Toffolon v. Zoning Board of Appeals,155 Conn. 558, 560. The Court cannot substitute its discretion for the agency's decision unless that decision was unreasonable. Id. 560, 561; Lawrence v. Zoning Board of Appeals, supra, 515.
It is apparent from the record at the hearing that the house was approved as a single family residence in a single family residence zone. (R-12.5 Residential Zone). Permitted buildings and uses in the zone allow a one family detached dwelling. Section 3.1.1.1, Milford Zoning Regulations. A two family dwelling is a violation of the zoning regulations. The house has three bedrooms on the first floor and three bedrooms on the second floor. It also has a total of six bathrooms, three on each floor, with four of them in bedrooms and two of them in the hall. There are two kitchens, one on the first floor and one on the second floor, although the plans filed with the City only show a kitchen on the second floor. The six hockey players were members of the New Haven Nighthawks and each one of them used one of the bedrooms in the building. At the public hearing Swan conceded when pressed by the plaintiff's attorney that the Zoning Regulations do not have a prohibition against two kitchens but claimed that a second kitchen implies that there is an apartment in a dwelling unit. (Exhibit O, p. 17). The property owner claimed that there was nothing illegal with having two kitchens in a residence, and even Swan conceded that a single family residence might have more than one kitchen. (Exhibit O, p. 23). In its discussions the Board did not specifically address this claim, but upheld the decision of the zoning enforcement officer on the ground that the building was not being used as a single family residence.
Zoning regulations are in derogation of common law property rights, and cannot be construed to include by implication what is not clearly within their expressed terms. Planning Zoning Commission v. Gilbert, 208 Conn. 696, 705; Dowling v. Zoning Board of Appeals, 187 Conn. 689, 694; J M Realty Co. v. Board of Zoning CT Page 6719 Appeals, 161 Conn. 229, 233. There is nothing in the Zoning Regulations prohibiting two kitchens in a residence. The building plans also showed a kitchen on the second floor indicating that it had previously been approved. To the extent the Board upheld the portion of the cease and desist order to remove the kitchen on the second floor, it was improper and not supported by the evidence and the zoning regulations.
The second claim is that the Zoning Regulations do not prohibit the living arrangements and use of the property that existed here and that it meets the definition of "family" in the zoning regulations. Section 11.2 defines family as follows:
 Persons related by blood, marriage or adoption, or a reasonable number of individuals occupying a dwelling unit who are committed to living together as a single housekeeping unit, in harmony with the surrounding neighborhood, responsible for maintaining a common household. A roomer, boarder, or lodger shall not be considered a member of the family for the purpose of this definition."
There is no indication that any of the six hockey players are related to each other.[3] The definition of "family" refers to a reasonable number of persons occupying a "dwelling unit" which is defined as "a dwelling or portion thereof, providing a single housekeeping unit with living, sleeping, cooking, eating, and bathroom facilities." Section 11.2, Milford Zoning Regulations. The regulations do not define what is "a single housekeeping unit" or what is a reasonable number of individuals living together as a single housekeeping unit and maintaining a common household.
The subject of what is a family for purpose of single family residences and the extent to which unrelated individuals can occupy the same house in a residential zone has been a difficult one for the courts. The definition of "family" in the zoning regulations is controlling. Neptune Park Ass'n. v. Steinberg, 138 Conn. 357, 362; Planning Zoning Commission v. Synanon Foundation, Inc., 153 Conn. 305,311; Oliver v. Zoning Commission, 31 Conn. Sup. 197, 205. The definition of "family" in a zoning ordinance must receive a fair and reasonable interpretation to carry out its logical purpose in any particular case. Prospect Gardens Convalescent Home, Inc. v. City of Norwalk, 32 Conn. Sup. 214, 219; Planning Zoning Commission v. Synanon Foundation, Inc., supra, 309. The concept of "family" has different meanings, but the two customary definitions are (1) a collective body of persons who live in one house under one management or (2) persons of the same lineage or those who descend from on common progenitor, Kiska v. Skrensky, 145 Conn. 28,33. The evidence in the record does not give the names of the hockey players, what positions they play, their activities together CT Page 6720 other than playing hockey or how and to what extent they maintain a common household as opposed to merely occupying rooms in the same building. The test as to whether the house was being used as a single family dwelling house by a "family" is whether it is being occupied as one housekeeping unit, not whether it is being occupied by one family unit as that term might be otherwise defined. Neptune Park Ass'n. v. Steinberg, supra, 363. There was some discussion between Swan and board member Ronald Stanton at the public hearing as to the use of the property which relates to the question of use of the premises by the six hockey players as a single housekeeping unit.[4] There is no information as to the rental arrangements that the plaintiff made with each of the hockey players. While five or six persons who occupy a house can be considered a single housekeeping unit, separate rental arrangements with the property owner would indicate a lack of cohesion within the group that negates the claim that it constitutes a family of unrelated individuals,[5] acting as a single housekeeping unit as that term is defined in the zoning regulations. Dinan v. Board of Zoning Appeals, 220 Conn. 61, 73. The record provides no support for a claim that the players act like a single housekeeping unit and maintain a common household, so the zoning enforcement officer and the board on appeal could reasonably conclude that they did not constitute a "family" as defined in the zoning regulations. It is not necessary to define exactly what relationships are allowed under the definition used: although unrelated persons may live together as a family as defined in the regulation, the appellant has not proven that the six hockey players qualify or that the board improperly interpreted and applied the ordinance. As stated in Planning Zoning Commission v. Synanon Foundation, Inc., supra, 309, if these occupants were held to constitute a family it is difficult to imagine any group or organization which would not be considered a family, and the concept of a one family dwelling would be meaningless and in conflict with the well established rule that, wherever feasible, the language of an ordinance will be construed so that no clause is held superfluous, void or insignificant and that it must receive a reasonable interpretation.
A municipal zoning commission does not exceed its statutory authority under 8-2 of the General Statutes by limiting the persons who can reside together as a family for purposes of the zoning regulations. Dinan v. Board of Zoning Appeals, supra, 75, 76. In most respects the provision here is more lenient than the provision in the Stratford ordinance discussed in the Dinan case. However, the prohibition against roomers, boarders or lodgers being considered a member of a family in the Milford ordinance is significant as showing a restrictive intent when deciding whether unrelated persons are a single housekeeping unit. A conclusion that six hockey players do not make a family is supported by other cases even though each case turns on the terms of a specific ordinance. See Belle Terre v. Boraas, 416 U.S. 1 (zoning ordinance could CT Page 6721 prohibit six unrelated students at a nearby college from occupying a house as a single family residence; Durham v. White Enterprises, Inc, 115 N.H. 645, 348 A.2d 706 (rental of a house by six or seven college students on a semester basis); Cassidy v. Triebel,337 Ill. App. 117, 85 N.E.2d 461, 465, 466
(sorority members occupying a single family house as a sorority house are not a family or a single housekeeping unit; Association For Educational Development v. Hayward, 533 S.W.2d 579 (group of laymen who were members of a religious society); Schenectady v. Alumni Ass'n of Union Chapter Delta Chi Fraternity, Inc., 5 App.Div.2d 14, 168 N.Y.S.2d 754.
While the zoning enforcement officer improperly ordered removal of the second kitchen, the existence of two kitchens supports the conclusion that the six hockey players were not a family because they were not a single housekeeping unit. The fact that the first and second floors were previously occupied by two separate families, and the existence of two different entrances to the first and second floors, three door bells and two mailboxes also support the conclusion of both the zoning enforcement officer and the board that the subject property was not being used as a single family residence.
Since part of the cease and desist order was invalid, the board's decision in upholding the entire order of the zoning enforcement officer was invalid and the appeal is sustained.
ROBERT A. FULLER, JUDGE