This is an administrative appeal challenging the adoption of an amendment to the zoning regulations for the Town of Vernon, which amendment allows a car wash as an accessory use to retail gasoline sales in a certain commercial zone (C-20).
On November 6, 1990, defendants Ray Lauzon and Starr Enterprises, Inc., submitted to the Vernon Planning and Zoning Commission (PZC) applications to amend the Vernon zoning regulations as indicated above and for a special permit to operate such an accessory use (Return of Record exhibit 1). On January 17 and February 21, 1991, the PZC held a public hearing on these applications, and on February 21, 1991, they were approved (Return of Record Exhibits 20, 25, and 34.)
On March 14, 1991, the original plaintiffs commenced this appeal, under the provisions of Connecticut General Statutes Section 8-8(b), of the approval of the amendment. On August 13, 1991, the Court, Dunn, J., granted the defendants' motion to dismiss the appeal as to plaintiffs Shaheen and Starwarz only (Memorandum of Decision, 8-13-91).
I.
It was stipulated by the parties that the remaining plaintiff, Ferruolo, CT Page 5618 owns real property, located at 373 Talcottville Road, Vernon. It was also stipulated that, at the time the PZC approved the amendment in question, this property was located within the C-20 zone affected by the amendment. Adopting the reasoning set forth in the Memorandum of Decision concerning the motion to dismiss, the Court finds that Ferruolo is aggrieved by the decision of the PZC to amend the zoning regulations governing the zone in which the plaintiff's property was then located.
II.
The amendment, designated 4.10.4.13, under attack reads as follows:
Motor vehicle washing facility as accessory use of retail gasoline sales operation, provided: (a) automotive repairs under either a Repairer's License or Limited Repairer's License are not conducted on the site, (b) minimum lot area shall be one (1) acre, (c) no more than 40' of the maximum lot coverage area shall be used exclusively for the washing facility, and (d) the facility shall contain no more than one bay, be automatic, and be patron activated.
The plaintiff contends that the action of the PZC approving this amendment is illegal, arbitrary, and constitutes an abuse of discretion on four grounds. These grounds are first, that the adoption of the amendment creates a lack of uniformity of allowable uses within the same zone in violation of Connecticut General Statutes Section 8-2; second, that the approval amounts to spot zoning; third, that this approval unlawfully extends a non-conforming use; and fourth, that the approval permits an accessory use to overshadow a principal use.
A.
The first three of these grounds depend on the acceptance of the plaintiff's contention that the retail sale of gasoline is not a permitted use in the C-20 zone. If that assertion is correct, the amendment, which permits an accessory use to a forbidden principal use, can only benefit the few properties in the C-20 zone which sell gasoline as a non-conforming use. On the other hand, the defendants argue that the PZC concluded that the retail sale of gasoline is a permitted use in the C-20 zone and that this conclusion was reasonable. A permitted use is not a non-conforming use, Melody v. Zoning Board of Appeals, 158 Conn. 16 (1969), p. 519. Consequently, the Court must first decide whether, at the time the amendment was approved, the retail sale of gasoline was a permitted use in the C-20 zone.
Both sides agree that the pivotal section of the Vernon zoning regulations bearing on this issue is Section 4.10.2, which section CT Page 5619 sets forth the permitted uses for the C-20 zone. This section has eleven subsections, only the first of which is relevant to the issue at hand. That subsection, 4.10.2.1, permits the following uses:
 Retail sale of food, non-alcoholic beverages, drugs, clothing, jewelry, hardware, stationery, specialty items including domestic animals, household appliances or furnishings.
The PZC interprets "specialty items" to include gasoline sale. The plaintiff argues that this interpretation is erroneous. Hence, the issue before the Court is reduced to a determination of whether gasoline is a specialty item within the meaning of the subsection.
Generally, it is the function of a zoning commission to decide whether a particular section of the zoning regulations applies to a given factual situation. Double I Limited Partnership v. Planning and Zoning Commission, 218 Conn. 65 (1991), p. 72; and Schwartz v. Planning and Zoning Commission, 208 Conn. 146
(1988), p. 152. But, it is for the trial court to decide whether the commission correctly interpreted the section. Id. The meaning of a specific word, whether defined in the regulations or not, is a question of law. Jeffery v. Planning and Zoning Board,155 Conn. 451 (1967), p. 454. The Court must determine if the commission's interpretation goes beyond the fair import of the language of the regulations. J M Realty Co. v. Board of Zoning Appeals, 161 Conn. 229 (1971), p. 233.
The promulgation of zoning regulations is a legislative process, Planning and Zoning Commission v. Gilbert, 208 Conn. 696
(1988), p. 705, and in interpreting the meaning of the regulation the court's function is to determine legislative intent. Weigel v. Planning and Zoning Commission, 160 Conn. 239 (1971), p. 246. In this endeavor, the accepted principles of statutory construction apply. Reed v. Planning and Zoning Commission,12 Conn. App. 153 (1987), p. 158. Where the language of the regulation is plain and unambiguous the intention of the zoning commission is determined from its language. Weigel v. Planning and Zoning Commission, supra. Being in derogation of the common law, zoning regulations must be strictly construed and not extended by implication. Schwartz v. Planning and Zoning Commission, supra, p. 153. Unless otherwise defined, the words used in zoning regulations are to be accorded their natural and usual meanings, Id.
In the instant case, the meaning of the phrase "specialty items" is unclear, ambiguous, and subject to varying interpretation. The Vernon zoning regulations do not define the phrase. Webster's Ninth New Collegiate Dictionary defines "specialty" to mean, inter alia, "a special object or class of objects." The plaintiff CT Page 5620 urges the Court to employ the principle of ejusdem generis to determine the meaning. The plaintiff groups the words "specialty items including domestic animals, household appliances or furnishings" as a separate sublist distinct from the general list of words which precedes it. He argues that, because gasoline shares nothing in common with domestic animals or household appliances or furnishings, it cannot be included within the meaning of specialty items.
The Court feels that the plaintiff's grouping of words is incorrect. If it were correct, one would expect either the word "and" or "or" to precede the word "specialty," thus separating specialty items such as domestic animals, and household appliances and furnishings from the rest of the items enumerated in the subsection. The absence of such a conjunction suggests that only the phrase "domestic animals" was intended as an example of specialty items, and that household appliances or furnishings are part of the greater list along with food, non-alcoholic beverages, clothing, jewelry, hardware and stationery. This grouping is supported by examining a similar provision in another section of the regulations. Section 4.9.2.1 parallels 4.10.2.1 for the C-10 zone. That subsection is identical to 4.10.2.1 except for the phrase "including domestic animals." This parallel wording manifests an intent to list household appliances and furnishings as a category separate from specialty items and not as an example of specialty items.
The Court feels that the phrase "specialty items" does not refer to any specific kind of item to be sold, but rather describes a business in which the seller deals specifically in one general kind of item whatever its nature, i.e. the vendor specializes in a particular kind of product or merchandise to the exclusion of most others. The merchandise might be anything as long as the vendor does not deal in a broad spectrum of items such as might be sold in a department store. This interpretation would permit the sale of gasoline.
This interpretation is also consistent with the amendment under attack as well as other provisions of the zoning regulations. Section 4.10.4 governs the issuance of special permits for permitted uses within the C-20 zone. That section contains a subsection, 4.10.4.9, which discusses permits for automobile repair shops and includes a proviso specifically prohibiting the sale of gasoline at such a shop. Contrary to the plaintiff's contention, if gasoline sales were not permitted generally in the C-20 zone, there would be no need to prohibit them specially in the context of automobile repair shops. The plaintiff's interpretation of 4.10.2.1 makes 4.10.4.9 superfluous.
It is presumed that a zoning commission acts rationally and CT Page 5621 lawfully when amending zoning regulations. D J Quarry Products, Inc. v. Planning and Zoning Commission, 217 Conn. 447
(1991), p. 455; and Speva v. Zoning Board of Appeals, 217 Conn. 435
(1991), p. 441. Zoning regulations must be construed as a whole and in such a way as to reconcile all their provisions as far as possible. Weigel v. Planning and Zoning Commission, supra, p. 246. It is a well-established rule that, whenever feasible, the language of a zoning regulation will be construed so that no clause is held superfluous, void, or insignificant. Planning and and Zoning Commission v. Synanon Foundation, Inc., 153 Conn. 305
(1966), P. 309.
The plaintiff's interpretation would render the amendment in question a nullity because there would be no permitted use to which the car wash would be ancillary. Local legislation ought to be viewed in is entirety and, if possible, be construed so that each part will be operative. Danseyar v. Zoning Board of Appeals,164 Conn. 325 (1973), p. 328. Interpretations which lead to bizarre or unreasonable result ought to be rejected. Planning and Zoning Commission v. Gilbert, supra, p. 706. Faced with one interpretation that renders a zoning regulation valid and an alternative which renders it invalid, the former ought to be adopted. D J Quarry Products, Inc. v. Planning and Zoning Commission, supra. These principles of construction indicate that the plaintiff's version of specialty items is untenable.
In addition, while the PZC's interpretation of its zoning regulations is not binding on the court, Coppola v. Zoning Board of Appeals, 23 Conn. App. 636 (1990). p. 640, it is entitled to some deference. Id. The PZC had before it the opinion of the Vernon Zoning Enforcement Officer that retail gasoline sales were a permitted use in the C-20 zone (Return of Record Exhibit 23). This opinion, in conjunction with the PZC's acceptance of it, is interpretive of the regulation, Federich v. Zoning Board of Appeals,178 Conn. 610 (1979), p. 614, and is the product of the commission's experience with the regulation. Id., p. 618. Where a zoning regulation contains ambiguous language, as in this case, a practical construction "by those charged with its administration becomes weighty evidence of what the law is." Clark v. Town Council, 145 Conn. 476 (1958), p. 485.
For these reasons, the Court holds that retail gasoline sales were a permitted use in the C-20 zone. Consequently, the plaintiff's arguments as to the invalidity of the amendment on the basis of the first three grounds stated must fail.
B.
The remaining ground upon which the plaintiff relies is that the questioned amendment has "the tail wagging the dog." The CT Page 5622 plaintiff asks the court to speculate that because the amendment allows up to forty percent of the maximum lot coverage to be used exclusively for the car washing facility and because some space must be used for driveways, parking, etc. that the primary use can become subordinated to the accessory use. The Court declines to engage in this speculation. Square footage is not the sole measure of whether a use is principal or accessory. A parking area may consume a much larger area than the structure it serves, and yet the activity within the structure will still be considered primary and the availability of parking spaces incidental. Considerations of the generation of income, dominance of location on a lot, sources of expenditure, location of equipment, supplies, and deployment of personnel may override physical superiority.
For the above reasons, the appeal is dismissed.