[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I FACTS
This appeal arises from the decision of the defendant Naugatuck planning commission (planning commission) to approve the subdivision application of City Hill Associates, Inc. (City Hill) The Naugatuck zoning commission (zoning commission) is also named as a defendant, although no relief is sought with regard to that Commission.
The appellant, Mary S. Davis, is the co-owner of property located at 180 Naugatuck Road, which is directly across a narrow street from the proposed subdivision, Westerly Estates. On June 27, 1997, City Hill applied for a 15-lot subdivision to be built on Donovan Road on 12.5 acres of land. The property lies within the R-15 zone under the Naugatuck zoning regulations. The R-15 zone permits single family residences on 15,000 square foot lots where public sewer and water are available. City Hill seeks to build 15 single family homes which will use city sewers and have CT Page 7577 individual wells. (ROR Item 36, p. 7; ROR Item 35B.)
On August 11, 1997, the planning commission held a public hearing which was recessed until September 8, 1997. At that meeting, the appellant voiced concerns that her well water would be affected by the proposal to dig individual wells on the property. (See ROR, Item 21.) On October 6, 1997 the public hearing was concluded. Subsequently, the planning commission requested that the zoning commission interpret Section 21.2.3 of the Naugatuck zoning regulations. (ROR Item 28.) On December 17, 1997, the zoning commission acknowledged receipt of an opinion letter from Borough Attorney, Fred Dlugokecki, and on January 21, 1998, it voted to accept his interpretation. (ROR Item 29.) That interpretation stated: "Section 21.2.3 allows R-15 development without public water and sewer provided the development complies with all other applicable land use regulations affecting the development, including but not limited to the Connecticut Public Health Code and the Naugatuck Valley Health District Regulations." (ROR Item 29.) Exercising its authority pursuant to General Statutes 8-26d, on February 2, 1998, the planning commission voted to give conditional approval to the Westerly Estates subdivision. (ROR Item 31.) None of the conditions pertained to the availability of public water. (ROR Item 31.)
The appellant filed this appeal on February 20, 1998. She alleges that the planning commission acted arbitrarily, capriciously and in abuse of its discretion by disregarding the plain language of the zoning regulations concerning the R-15 zone and by failing to require City Hill to obtain variances to develop single family residences in the R-15 zone without access to a public water supply as required by § 21.2.3 of the Naugatuck zoning regulations. (Appeal, dated Feb. 20, 1998; Plaintiff's Brief, dated Aug. 18, 1998.)
II DISCUSSION
A. Scope of Review
In reviewing the commission's decision the court must determine whether the application conforms to the agency's existing regulations. While the record does not include the subdivision regulations, the court reviews the commission's decision pursuant to the provisions set forth in General Statutes § 8-26. That section states, in pertinent part, as follows: "[N]othing in this section shall be deemed to authorize the CT Page 7578 commission to approve any subdivision . . . which conflicts with the applicable zoning regulations." While § 8-26 permits a waiver of certain requirements if allowed in the zoning regulations, the planning commission did not consider a waiver with this application.
The commission has limited discretion when acting in an administrative capacity. Its discretion is applied to resolving issues of fact. The court cannot substitute its judgment for the agency's if the agency's decision is reasonably supported by the record. Westport v. Norwalk, 167 Conn. 151, 355 A.2d 25 (1974). However, the court must determine questions of law and is not bound by the opinion of the local agency. Danseyer v. ZoningBoard of Appeals, 164 Conn. 325, 327, 321 A.2d 474 (1973)
B. AGGRIEVEMENT
In order to have standing to bring an appeal, the appellant must prove she is aggrieved by the decision of the commission. The appellant in the present case owns property within a radius of 100 feet of the Westerly Estates property. (Plaintiff's Exhibit A.) Therefore, she has met her burden of proving that she is statutorily aggrieved under General Statutes § 8-8 (1)
C. NOTICE
The appellant argues that the defendant planning commission failed to give proper notice as required under General Statutes § 8-26 and that such failure constitutes a jurisdictional defect. (Plaintiff's Brief, dated Aug. 18, 1998, pp. 14-15.) General Statutes § 8-26 states, in pertinent part, the following:
 Notice of the public hearing shall be given by publication in a newspaper of general circulation in the municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days prior to the date of such hearing . . .
Notice of the August 11, 1997, public hearing was provided on three dates: July 31, 1997; August 1, 1997; and August 7, 1997. The first notice was published twelve days before the public hearing, and the last notice was published four days before the public hearing. (ROR Item 10; Second Motion To Supplement Record, CT Page 7579 Affidavit of Publication.) Accordingly, the court finds that the notice requirement of § 8-26 was met.
D. TIME LIMITATIONS
The applicant argues that the commission did not timely render its decision in accordance with the provisions of General Statutes § 8-26d. Section 8-26d (a) provides, in pertinent part, as follows:
 In all matters wherein a formal application . . . is submitted to a planning commission . . . and a hearing is held on such application . . . such hearing shall commence within sixty-five days after receipt of such application . . . and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. The applicant may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection. . . .
The planning commission received the subdivision application at its regular monthly meeting of July 7, 1997. The public hearing pertaining to the application began on August 11, 1997, within the sixty-five day time period required by the statute. It was continued to September 8, 1997, which was within the thirty day time period permitted by the statute. On September 8, 1997, the applicant requested in writing that the public hearing be extended to October 6, 1997, a date within the second thirty-day time period. The public hearing concluded on October 6, 1997. Thereafter, the planning commission had sixty-five days to render a decision. General Statutes § 8-26d (a). On December 1, 1997, the applicant requested a sixty-five day extension. On February 2, 1998, the planning commission rendered its decision within the second sixty-five day period as permitted by § 8-26d (a)
Thus, the court finds no merit in the appellant's argument that the planning commission did not act in accordance with § 8-26d(b) The commission, in holding a public hearing, was subject to the provisions of § 8-26d(a). While the defendant did not brief this issue, the court finds that the planning commission acted within the time frame established by the pertinent statute. CT Page 7580
E. REGULATION
The appellant argues that the planning commission violated the plain language of § 21.2.3 of the Naugatuck zoning regulations by approving the City Hill development where public water is not available. The defendants argue that the word "guided" means that there is no requirement that each single family residence be connected to public sewer and public water. They claim that the regulation contains no mandatory language, but rather an "ideal" and that had the zoning commission intended "anything other than a directory guide, it certainly would have so provided." (Defendant City Hill's Brief, dated Sept. 28, 1998, p. 7.) Section 21.2 of the zoning regulations of the Borough of Naugatuck states as follows:
 "When making zone changes or extensions of zoning districts, the Commission shall be guided by the purposes of the districts set forth below: . . . 21.2.3 Residence R-15 District — the purpose of the R-15 district is to allow single family residences on a minimum of 15,0000 square foot lots where public sewer and public water are available. The R-15 District provisions are intended to regulate residential moderate density development."
"The principles governing interpretation of zoning regulations are well settled. Promulgation of zoning regulations is a legislative process, although local in scope. . . . We interpret an enactment to find the expressed intent of the legislative body from the language it used to manifest that intent. . . . The words employed in zoning regulations are construed according to the commonly approved usage of the language. . . . Zoning regulations, as they are in derogation of common law property rights, cannot be construed to include or exclude by implication what is not clearly within their express terms. . . ." (Citations omitted.) Planning Zoning Commissionv. Gilbert, 208 Conn. 696, 705, 546 A.2d 823 (1988)
"Whenever possible, the language of zoning regulations will be construed so that no clause is deemed superfluous, void or insignificant. Essex Leasing. Inc. v. Zoning Board of Appeals,206 Conn. 595, 601, 539 A.2d 101 (1988); Melody v. Zoning Boardof Appeals, 158 Conn. 516, 521, 264 A.2d 572 (1969). The CT Page 7581 regulations must be interpreted so as to reconcile their provisions and make them operative so far as possible. Donohue v.Zoning Board of Appeals, 155 Conn. 550, 557, 235 A.2d 643 (1967). When more than one construction is possible, [the court] adopt[s] the one that renders the enactment effective and workable and reject[s] any that might lead to unreasonable or bizarre results.Maciejewski v. West Hartford, 194 Conn. 139, 151-52, 480 A.2d 519
(1984); Verrastro v. Sivertsen, 188 Conn. 213, 220-21,448 A.2d 1344 (1982); Muller v. Town Planning Zoning Commission,145 Conn. 325, 331, 142 A.2d 524 (1958)." Id., 705-706.
The defendants argue that § 21.2.3 provides that the commission "shall be guided" and that the word "guided" therefore indicates directory rather than mandatory language. This court disagrees. It finds that the word "guided" is modified by the words which follow, namely that it is the "purposes" of the districts which are to guide the commission. The purpose of the R-15 district is to allow single family residences on a minimum of 15,000 square foot lots where public sewer and water are available. This purpose expresses the intent of the legislative body. To construe this section as allowing development where no public water is available is to deem the word "purposes" as superfluous. Whenever possible, the language of zoning regulations will be construed so that no clause is deemed superfluous, void or insignificant. Essex Leasing. Inc. v. ZoningBoard of Appeals, 206 Conn. 595, 601, 539 A.2d 572 (1969). The regulations must be interpreted so as to reconcile their provisions and make them operative so far as possible. Donohue v.Zoning Board of Appeals, 155 Conn. 550, 557, 235 A.2d 643 (1967)
The defendant argues that the zoning commission interpreted 21.2.3 to allow development without the availability of public water and sewers "provided the development complies with all other applicable land use regulations affecting the development, including but not limited to the Connecticut Public Health Code and the Naugatuck Valley Health District Regulations." (ROR Item 31.) The court finds no evidence that there was a zoning commission discussion of the intention of the regulation, the purposes to be served by it and how those purposes would be affected by the zoning commission's interpretation. (ROR Item 29). Therefore, this court is not bound by the commission's interpretation. Schwartz v. Planning Zoning Commission,208 Conn. 146, 152-53, 543 A.2d 1339 (1988). Having so concluded, the court does not reach the issue of whether or not the planning commission inappropriately deferred to the interpretation of the CT Page 7582 regulation adopted by the zoning commission.
This court finds that the intention of the regulation is to allow moderate density residential development in areas served by public water and sewer. It is clear from the lot sizes specified in § 21.2 entitled, "District definitions," that the intent of the districts was to provide a minimum number of square feet per lot in relation to the availability of public water and sewers. For instance, the R-45 district provisions are "intended to protect water sources as set forth by Public Act 85-279 and to protect delicate environmental areas" and regulate development that does not require public sewer or water. The R-30 district allows single family residences on 30,000 square foot lots for developments that do not require public dater and sewer; the provision is designed to protect water sources. The R-8 district allows single family residences on a minimum of 8,000 square foot lots to regulate higher density development where public sewer and water are available. It is clear from the purposes and the distinctions made in lot sizes as set forth in the regulations that they were adopted with a view to protecting water sources in relation to density.
The Supreme Court addressed the word "shall" in regard to mandatory and directory statutory language in AngelseaProductions. Inc. v. Commission on Human Rights andOpportunities, 236 Conn. 681, 674 A.2d 1300 (1996). "The test we have adopted for determining whether such a statutory requirement is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial-to matters of convenience or of substance. If it is a matter of convenience, the statutory provision is directory; if it is a matter of substance, the statutory provision is mandatory. . . . Stated another way, language is deemed to be mandatory if the mode of action is of the essence of the purpose to be accomplished by the statute . . . but will be considered directory if the failure to comply with the requirement does not compromise the purpose of the statute." (Citations omitted; internal quotation marks omitted.) Id., 690.
This court finds that the language of § 21.2.3 is mandatory. The "thing to be accomplished" is the protection of water sources in relation to density of development. The provisions regarding the minimum lot size are the "mode of action" which is the essence of the purpose of the regulation. Therefore, for the CT Page 7583 foregoing reasons, the court finds that the planning commission abused its discretion by not following the zoning regulations as required by General Statutes § 8-26. Planning Zoning Commissionv. Gilbert, 208 Conn. 696, 546 A.2d 823 (1988)
The appeal is sustained.
Sandra Vilardi Leheny, J.