MORTON L. DANSEYAR *v.* ZONING BOARD OF APPEALS OF THE CITY OF MIDDLETOWN

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 15, 1972—denied February 6, 1973

*John W. Lemega,* with whom was *Joseph G. Lynch,* for the appellant (plaintiff).

*John J. Carta, Jr.,* assistant city attorney, for the appellee (defendant).

BOGDANSKI, J. On August 28, 1969, the plaintiff Morton L. Danseyar was the owner of two acres of land situated on the east side of Saybrook Road in the city of Middletown. On that day he filed with the Middletown department of public works an application for a permit to construct a sixty-six-foot high apartment building on this two-acre tract. The tract was located partly in a B-2 commercial zone and partly in an R-2 restricted residential zone as designated in the Middletown zoning code dated April 1, 1968, in effect at the time of the application. The director of public works denied the application on the basis of § 31.02.02 of the zoning code, which governs the height limitations of buildings adjacent to residential zones. From this action the plaintiff appealed to the defendant zoning board of appeals of Middletown. Notice of a public hearing on this appeal was given, and the notice characterized the proceedings as a petition for "a variance of the zoning ordinance for permission to erect an apartment house . . . which does not comply with § 31.02.02 of the Middletown Zoning Code." The board denied the appeal on the ground that the proposed building would exceed the maximum height permitted by § 31.02.02. The plaintiff thereafter appealed to the Court of Common Pleas, which found that the board properly applied § 31.02.02 and dismissed the appeal. From the judgment rendered thereon, the plaintiff has appealed to this court.

The plaintiff's three assignments of error concern: (1) the applicability of § 31.02.02 to the proposed building; (2) the adequacy and validity of the notice of the public hearing; and (3) the claim that the board improperly considered the appeal as a petition for a variance. The trial court decided

the appeal solely on the record returned by the board and made no finding. Thus, the review by this court must be based on the record of the proceedings before the board. *Miklus* v. *Zoning Board of Appeals,* 154 Conn. 399, 400, 401, 225 A.2d 637.

The first assignment of error challenges the court's conclusion that § 31.02.02 controlled the plaintiff's application for a permit and, in conjunction with § 21.02.01[1] of the zoning code, limited the height of the proposed building to forty feet. It is the plaintiff's contention that the applicable section is § 31.01.02 of the zoning code, under which provision the relevant height limitation would be sixty-six feet.

The trial court was required to decide whether the board properly interpreted § 31.02.02 and properly applied it to the facts of the case, and this court is required to decide whether the trial court was legally correct in its conclusions. *Thorne* v. *Zoning Board of Appeals,* 156 Conn. 619, 620, 238 A.2d 400.

Section 31 of the Middletown zoning code is entitled "B-2, Commercial Zones" and contains the zoning ordinances for such zones. Section 31.02.02 of the zoning code provides that "[i]n all Commercial Zones no buildings within or adjacent to zones which are primarily residential in character shall exceed the allowable height prescribed for the zone to which it is adjacent or within which it is located, whichever shall be the lesser figure." The essence of § 31.01.02 is that "[a]ll residential structures, with their accessory structures, shall be sub-

---

[1] "Middletown Zoning Code [April 1, 1968] Sec. 21.02.01.

In all Restricted Residence Zones no buildings shall hereinafter be erected to a height greater than two-thirds (⅔rds) of the width of the street on which it faces or forty (40) feet, whichever is the lesser figure."

ject to the building requirements and all other regulations of the General Residence Zone." Since the plaintiff's proposed building is residential and would be located along the border of a commercial and a residential zone, the question raised and pressed on this appeal is which of these sections is applicable to the case at bar.

Where separate parts of an act appear to be repugnant, the act should be viewed in its entirety and its parts should, if possible, be construed so that each will be operative. *Donahue* v. *Zoning Board of Appeals,* 155 Conn. 550, 557, 235 A.2d 643; *Sloane* v. *Waterbury,* 150 Conn. 24, 29, 183 A.2d 839. The plaintiff contends that unless § 31.02.02 is limited in application to nonresidential structures, § 31.01.02 will be inoperative. We do not agree.

The clear purpose of § 31.02.02 is to minimize the impact which buildings in a commercial zone adjacent to a "primarily residential" zone might have on the residential zone. The method by which § 31.02.02 seeks to accomplish this end is the imposition of a uniform maximum height limitation on all buildings along the perimeter of such commercial zone which borders a residential zone. The means so designated would be impaired if the plaintiff's argument were accepted that § 31.02.02 does not apply to residential buildings. To accept the plaintiff's argument would make it possible for many residential buildings situated along the perimeter of a commercial zone which borders on a restricted residential zone to be allowed a substantially greater height than buildings in the bordering residential zone. As a result, § 31.02.02 could become inoperative to a large extent and its purpose would be thwarted. On the other hand, if § 31.02.02 is construed to apply to all buildings, including residential

structures, its purpose can be achieved without impairing the operation of § 31.01.02. While § 31.01.02 is a provision applicable generally throughout a B-2 commercial zone, § 31.02.02 relates only to specific portions of the perimeter of such a zone which portions comprise a small part of the zone's total area. Thus, even if § 31.02.02 is applied to residential buildings on the perimeter of a B-2 commercial zone, § 31.01.02 would still apply to all other residential structures in the zone. Consequently, this construction of the two ordinances keeps each operative: § 31.02.02 is to apply to all structures situated along the portions of the perimeter of a B-2 commercial zone which border on primarily residential zones and § 31.01.02 is to apply to all residential structures located in the remainder of a B-2 commercial zone. Having found that § 31.02.02 was applicable to the plaintiff's proposed building, the board properly concluded that the plaintiff's building should be limited to a height of forty feet, the maximum height allowed under § 21.02.01 in the adjacent restricted residential zone.

The trial court was correct in concluding that § 31.02.02 governed the plaintiff's application and limited the height of the proposed building to forty feet. Similarly, the court's conclusion that the board did not act arbitrarily, illegally or in abuse of its discretion was legally correct.

The plaintiff's remaining assignments of error concern the adequacy and validity of the notice of the public hearing, and the claim that the board improperly considered the appeal as a petition for a variance. It is undisputed that the notice of the public hearing used the word "variance." The notice in fact read as follows: "Morton Danseyar—A variance of the zoning ordinance for permission

to erect an apartment house on property located on the easterly side of Saybrook Road which does not comply with § 31.02.02 of the Middletown Zoning Code." This fact does not, however, render that notice inadequate. "[N]otice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing." *Shrobar* v. *Jensen,* 158 Conn. 202, 207, 257 A.2d 806; *Neuger* v. *Zoning Board,* 145 Conn. 625, 630, 145 A.2d 738. Despite the use of the word "variance," the notice clearly made known the purpose of the proceeding and that it was to take place for the reason that the proposed building did not comply with § 31.02.02 of the zoning code. Reading the notice in its entirety, its meaning was clear. Besides, the plaintiff, a proponent of the petition, has failed to show how he was prejudiced, since he and his attorney were in attendance at the hearing and were fully heard.

There is no question, despite the mistaken use of the word "variance"[2] in the notice, that the board considered this proceeding as an appeal from the denial of a building permit. This conclusion is supported by the board's own statement in denying the

---

[2] Section 8-6 of the General Statutes makes it clear that there is a substantial difference between an appeal from the action of an administrative official and a petition for a variance:

"[General Statutes] Sec. 8-6. POWERS AND DUTIES OF BOARD OF APPEALS. The zoning board of appeals shall have the following powers and duties: (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter; . . . and (3) to determine and vary the application of

appeal: "The Zoning Board of Appeals, City of Middletown, denies Morton L. Danseyar's appeal. The Zoning Code of April 1, 1968 clearly sets forth the requirements for the type of building the appellant proposes to erect. The Director of Public Works properly denied him a building permit."

There is no error.

In this opinion the other judges concurred.

the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured."