The plaintiff has appealed from a decision granting the defendant First National Supermarkets, Inc.'s (Finast) motion to dismiss the plaintiff's appeal from a decision of the Bridgeport zoning board of appeals. The issue presented by this appeal is whether the notice of the board's decision, published pursuant to General Statutes8-7, was adequate.
The essentially undisputed facts are as follows: Finast leases the premises located at 4531-4575 Main Street in Bridgeport on which it operates a supermarket. The plaintiff leases the adjoining property on which it operates a bowling alley. On November 18, 1982, Finast filed with the Bridgeport zoning board of appeals an application for a variance of the off-street parking regulations so that it could construct an addition to the existing structure.
The board published notice of the public hearing on Finast's application in the Bridgeport Post on November 29 and on December 5, 1982. On December 13 the public hearing was held and, following the hearing, the petition was granted subject to the condition that development of the property be substantially in *Page 525 
accord with the plans submitted with the petition. Notice of the board's decision was published in the December 16, 1982, edition of the Bridgeport Post. The notice provided:
"Notice is hereby given to the public and all persons interested that a hearing of the Zoning Board of Appeals of the City of Bridgeport, Connecticut on Monday, December 13, 1982, as advertised in The Bridgeport Post, Monday, November 29, 1982 and the Bridgeport Post, Sunday, December 5, 1982, the following decisions to become effective upon publication were rendered by the Board as to the following described properties, and that a copy of this notice was filed in the City Clerk's Office on Thursday, December 14, 1982. . . .
"9. 4531-4575 Main St. ____ Petition of First National Stores, Inc. GRANTED CONDITIONALLY."
The plaintiff brought this action in the Superior Court on March 9, 1983. On April 8, 1983, Finast moved to dismiss the action on the ground that it was untimely since it was not filed within fifteen days from the date when notice of the decision was published, i.e., December 16, 1982, as required by General Statutes 8-8. The court granted the motion and this appeal followed.
The plaintiff argues that the notice of December 16 did not contain adequate information fairly to apprise the public (1) that there had been a decision of the board on the application in issue, and (2) the nature of that decision. It contends, therefore, that there was no "notice" within the meaning of 8-7 and that, consequently, the fifteen-day appeal period of 8-8 did not commence to run from that date. We agree.
The purpose of the requirement that notice of the decision be published is twofold: (1) to give notice to *Page 526 
interested parties of the decision; and (2) to commence the start of the fifteen-day appeal period. Akin v. Norwalk, 163 Conn. 68, 73,301 A.2d 258 (1972). "The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." Hubbard v. Planning Commission, 151 Conn. 269,271-72, 196 A.2d 760 (1963).
"Notice" as that term is employed in 8-7 means something more than a bald assertion that a particular petition was either granted or denied. If it is to have any significance, the notice of decision must include the name of the owner-applicant, the location of the property, and the character of the application, i.e., special exception, variance, etc., and the general substance of the board's decision.
Finast contends that because the notice of decision of December 16 incorporated by reference the prior notices of the public hearing, which contained the above described information, the plaintiff was put on "inquiry notice" that action of a potentially appealable nature had been taken with respect to the abutting property. It contends, therefore, that the plaintiff, in the exercise of due diligence, could have learned of the precise nature of the board's action and formed an opinion as to whether to appeal the decision within the fifteen-day period required by 8-8. We do not agree.
Finast cites Danseyar v. Zoning Board of Appeals,164 Conn. 325, 321 A.2d 474 (1973), as authority for the proposition that notice is sufficient if it states that a decision has been rendered and contains information *Page 527 
as to where additional details of the decision may be obtained. An examination of Danseyar does not comport with the holding ascribed to it. On the contrary, Danseyar supports the position taken by the plaintiff. Although it involved the sufficiency of notice of the public hearing rather than notice of the decision, the holding of Danseyar is equally applicable to the present situation. In Danseyar the court stated (p. 330) "`notice of a hearing is not required to contain an accurate forecast of the precise action which will be taken on the subject matter referred to in the notice. It is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing.' Shrobar v. Jensen,158 Conn. 202, 207, 257 A.2d 806 [1969]; Neuger v. Zoning Board, 145 Conn. 625, 630, 145 A.2d 738
[1958]." (Emphasis added.) We see no reason why the legislature would intend that notice of the decision be of a lesser quality than the notice of public hearing.
Given the relatively short statute of limitations for appeals from zoning boards, the burden imposed on potential appellants of retaining and searching out newspaper notice of the board's action is onerous enough without adding the further burden of referring to earlier notices in order to decipher the full impact of what in fact is appearing in the newspaper.
For the foregoing reasons, we conclude that the alleged notice does not comply with 8-7 and, therefore, the fifteen-day appeal period of 8-8
did not commence to run from that date.
 There is error, the judgment is set aside and the case is remanded with direction to deny the motion to dismiss and to proceed according to law.
In this opinion BIELUCH and F. HENNESSY, Js., concurred.