[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In this civil action, the plaintiffs seek an injunction barring the defendant Board of Education from constructing a building and bleachers on property it owns and which occupied by the South Windsor High School. The proposed building and bleachers exceed the height and boundary line limitations of the South Windsor zoning regulations, and the defendant Zoning Board of Appeals of South Windsor (ZBA) granted the defendant Board of Education the necessary variance on June 7, 1990. The basis of the plaintiffs' complaint is their contention that the variance is void because the notices of the public hearing on the subject and the notice of the ZBA's decision were inadequate. All parties agree that there is no issue of material fact with respect to the content of the notices, the location of the property, and other relevant matters. They also agree that the court's findings and conclusions with respect to the adequacy of the notices will be dispositive of the case. The plaintiffs, therefore, move for summary judgment.[1]
Materials attached to the defendants' briefs establish the following uncontroverted facts. The defendant Board of Education lot is bounded on the north by Ayers Road, on the east by Nevers Road, and on the west by properties of the plaintiffs. The school building faces Nevers Road, and the address of the school is 161 Nevers Road. Proposed construction would result in a renovated building which exceeds the thirty-foot height limitation prescribed by the applicable zoning regulation. The bleachers in question would be constructed behind the school, on the far side of an athletic field, so that the back of the bleachers would be eight feet from the line dividing the school property from the plaintiffs' property. The regulations require ten feet.
On May 26 and June 4, 1990, the defendant ZBA published notices of the application and the hearing thereon, which was scheduled for June 7, 1990. The notices read as follows:
 "App. #1555-90 — Town of South Windsor, Board of Education, 1737 Main St., request a variance to Section 5.2 of the Zoning Regulations to allow building height proposed to be 38 feet in Phase 1, 65 feet in phase 2 for the theater, (30 feet allowed), and a 2 foot variance to install bleachers 8 feet from side property CT Page 8734 line (10 feet required), on property located at 161 Nevers Road. (A-20 Zone)"
On June 7, 1990, the defendant ZBA conducted a public hearing, but neither the plaintiffs nor any other members of the public appeared in opposition to or in support of the requested variance. Following the hearing the defendant ZBA met and approved the application. The notice of the decision, published June 16, 1990, was identical to the prehearing notices except that it indicated the ZBA's approval. The plaintiffs never appealed the ZBA's decision pursuant to General Statutes 8-8. Instead, they bring this action on the basis that the public hearing and subsequent decision of the ZBA were void for lack of adequate notice and, therefore, subject to attack in a civil action after the expiration of the appeal period. See Smith v. F. W. Woolworth Co., 142 Conn. 88
(1955); Koepke v. Zoning Board of Appeals of Coventry, 25 Conn. App. 611,618 (1991).
Although the defendants previously challenged the plaintiffs' standing to bring this action, it has not pursued that line of opposition in view of the plaintiffs' proof that they own property abutting the property in question. The court finds the plaintiffs to be statutorily aggrieved by the ZBA's decision. General Statutes 8-8(a)(1).
In their briefs and in oral argument, the plaintiffs contend that the notices published by the ZBA were inadequate in that (1) they failed to identify the property in question as the location of the high school and, instead, merely stated the street and number; (2) they described the boundary line variance as relating to a "side property line" rather than to the rear property line; and (3) the boundary line variance described in the notices differed from that requested in the Board of Education's application.
A notice "is adequate it it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing." Schrober v. Jensen, 158 Conn. 202, 207 (1969); Koepke v. ZBA, supra at 617. The notice is not, however, "required to contain an accurate forecast of the precise action which will be taken on the subject matter." Id. At a minimum, the "notice . . . must include the name of the owner-applicant, the location of the property, and the character of the application, i.e., special exception, variance, etc., and (in a notice of decision) the general substance of the board's decision." Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals,39 Conn. Sup. 523, 526 (1983); reversed on other grounds, 195 Conn. 276
CT Page 8735 (1985).
Applying the above principles to the facts of this case, the court concludes that the notices published by the ZBA were clearly adequate for their purposes. The fact that the notices did not indicate that the South Windsor high school is located on the subject property is of no significance. The notices explicitly stated the exact street address and the owner of the property. The plaintiffs cite no authority for their contention that a notice must describe the kind of building that is on the property. Similarly, the fact that the variance is described as to a side line rather than to a rear line is not significant. Furthermore, as the defendants point out in their briefs, the reference to "side property line" is technically accurate under the definitions of lot lines contained in the zoning regulations. In any event, the notices accurately describe "the character of the action proposed" and "the general substance of the board's decision" as required by the Shrobar and Bridgeport Bowl-O-Rama cases discussed supra. Finally, the fact that the text of the application for the variance misstated the extent of the variance which was actually needed is of no significance. The notices accurately stated the extent of the variance and they were consistent with the maps submitted with the application. As indicated above, it is not necessary that the notice contain a forecast of the precise action to be taken. And, in this case, the notice of the board's decision was precise with respect to the extent of the variance granted.
Since the plaintiffs' entire case is predicated on the alleged inadequacy of the ZBA's notices, their motion for summary judgment must be denied, and judgment may enter in favor of the defendants.
MALONEY, J.