[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals the decisions of the West Hartford Town Council to amend the town zoning code respecting an R-80 residential district and to locate that district on land, formerly zoned R-20, off Albany Avenue on Avon Mountain, bordering the Towns of Farmington and Avon.
The facts are as follows: Plaintiff is the owner of about 90 acres in the new R-80 residential district. Except for two other private persons owning relatively small tracts, the vast portion of the land within that zone is owned by the Metropolitan District, on which is located five reservoirs. The terrain is hilly, rocky and includes wetlands and woodlands in their natural state.
The Town Council adopted a Plan of Development in 1987 which states that its land use objective for the subject area, CT Page 5169 known as Albany Avenue West, was to "preserve existing open space and wild life sanctuary," to promote open space, and "to encourage a planned residential community of low density." The Plan contemplated the Town Council adopting a zoning ordinance for a Planned Residential Development.
Following adoption of the Plan of Development, the Town Council approved resolutions directing the town zoning officials to draft amendments to the zoning code to implement the policy recommendations of the Plan.
On December 19, 1989 the Town Council conducted a public hearing to amend the zoning ordinances as they related to R-80 Residential Districts. Although the code provided for such a district, no property in West Hartford was designated R-80. The proposed ordinance, entitled "Ordinance Implementing the Plan of Development for Albany Avenue West (Open Space Development)," provided for the following significant changes in the then existing R-80 zone: (1) property in an R-80 zone "may be developed only as Open Space Development" under 177-13 and 177-14 of the code, in contrast to that manner of development being optional; (2) of the 80,000 square feet (2 acres) of a lot in this zone, a minimum area to be developed for placement of buildings was reduced from 40,000 square feet to 20,000 square feet and a new maximum area was imposed of 25,000 square feet; (3) a structure on the property could occupy only 10% of the buildable 20,000 to 25,000 square foot area; (4) the land in excess of the 20,000-25,000 square feet must be dedicated to open space, its use to be subject to the discretion of the Town Planning Commission.
The plaintiff appeared, along with several other parties, at the December 19, 1989 public hearing and presented extensive testimony in opposition to the proposed amendments to the zoning regulations. At the close of the December 19, 1989 public hearing, the Town Council of the Town of West Hartford took no action on the amendments.
On January 31, 1990 the Town Council published a legal notice of a public hearing to be held on February 13, 1990 "on an ordinance amending the zoning map to change certain acres west of Canal Road to the Town to R-80 Residential District." The notice on file with the Town Clerk and sent to the plaintiff included a second paragraph which stated.
 Please be advised that the Ordinance Implementing the Plan of Development for Albany Avenue West (Open Space Development) which was the subject of a public hearing on December 12, [sic] 1989, and which was tabled until February 13th, is related to CT Page 5170 this Ordinance. Both Ordinances will appear on the Town Council agenda for possible action at council's regular meeting at 8:00 p.m., February 13th, following the Public Hearing.
At the hearing on the amendment to the zoning map, held on February 13, 1990, the plaintiff also appeared and testified extensively in opposition to the proposed change of zone. In the course of his testimony, he specifically referenced his comments made at the hearing held on December 19, 1990. At the February 1990 hearing, Ron VanWinkle, Director of Community Services for the Town of West Hartford, testified in favor of the amendment of the Zoning Regulations to provide that the area in question be changed from R-20 to R-80 Residential District.
Mr. VanWinkle said:
 "That entire site at this present time is primarily undeveloped except for a shall subdivision. The area is rocky, natural now and in a natural state and the intent of this ordinance is to preserve areas that are in this type of state that are left in the Town of West Hartford for development, to preserve the ridges, the open spaces, and to maximize those open spaces up there . . . . It is difficult to get water and sewer both up to the mountain . . . ."
The Town Council adjourned the public hearing on February 13, 1990 at 8:30 p.m., and proceeded to hold its regularly scheduled meeting. During the meeting, the Town Council first discussed and adopted the proposed amendment to the zoning map of the Town of West Hartford, changing the subject area designation from an R-20 Residential District to an R-80 Residential District. During the course of the same meeting the Town Council also adopted the ordinance entitled "Ordinance Implementing the Plan of Development for Albany Avenue West" which amended the code as to the R-80 zone.
The plaintiff claims that the Town Council's actions are in violation of the laws of the State of Connecticut and the Charter and Ordinances of the Town of West Hartford for the following reasons:
 (1) The notice under which the public hearing was held was substantially different from the action taken by the Town Council;
 (2) There were no reasons given as a basis for the change of zone and the change was not in accordance with the Comprehensive Plan of the Town of West Hartford, CT Page 5171
 (3) The change of zone was not based upon a change in circumstances;
 (4) The change of zone was not uniform with other zone classifications of residential land.
 (5) The change of zone amounted to a taking of plaintiff's property rights and was confiscatory.
The threshold jurisdictional issue of aggrievement must first be addressed. Defendant left the plaintiff to his proof as to his ownership of the property affected by the Town Council's actions. At the trial, plaintiff presented conclusive evidence that he is the owner of, and the trustee for other owners, of approximately 90 acres of land within the subject zone. Thus, the court finds plaintiff is aggrieved within the meaning of Conn. Gen. Stat. 8-8(a)(1) and has the right to bring this appeal.
This being a zoning appeal, the standard or review is that this court cannot substitute its judgment "for the wide and liberal discretion vested in the local zoning authority when it is acting within its prescribed legislative powers. . . . The courts allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution . . . . It is only where the local zoning authority has acted arbitrarily or illegally and thus abused the discretion vested in it that the courts can grant relief on appeal." Stiles v. Town Council,159 Conn. 212, 218-219 (1970). See also Dram Associates v. Planning Zoning Commission, 21 Conn. App. 538, 541 (1990).
(1) The issue of notice.
Plaintiff contends the notice for the February 13 hearing inadequately apprised him of the matters to be considered at the hearing and the actions to be taken by the Council. There is no merit to this contention.
The Town Council held two separate hearings on ordinances relating to the amended R-80 (Open Space Development) zone. The notice for the first held on December 19, 1989 concerned an "Ordinance Implementing The Plan of Development for Albany Avenue West (Open Space Development)", and the notice for second, held on February 13, 1990, concerned an "Ordinance Amending the Zoning Map to Change Certain Areas West of Canal Road to the Town Line to R-80 Residential District." CT Page 5172
The plaintiff attended both hearing and acknowledged the two-step process the Council was following: first, considering changing the requirements of an R-80 (Open Space Development) zone and second, considering changing the zoning map to locate this zone on West Hartford land.
The published notice for the February 13, 1990 hearing stated that a complete copy of the ordinance was on file at the town clerk's office and available for public inspection. The notice on file in the town clerk's office and sent to the plaintiff as an affected property owner stated that the ordinance which was the subject of the public hearing in December would appear on the council's agenda for possible action following the February 13 public hearing.
The notice of a zoning hearing is adequate "`if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing.'" Danseyar v. Zoning Board of Appeals, 164 Conn. 325
330 (1973) quoting Shrobar v. Jensen, 158 Conn. 202, 207.
A distinction must be drawn between the failure to give or the publishing of an insufficient notice to the public, and the issue of the failure to provide sufficient notice to property owners subject to a zone change. As set forth in Lauer v. Zoning Commission, 220 Conn. 455 (1991), the purpose of personal notice to the affected property owners is to give actual notice to these persons. By his appearance at the public hearings, the affected property owner demonstrates he had actual notice and waives his right to object to the sufficiency of the notice. See Lauer, supra, at 472. Dram Associates v. Planning Zoning Commission, 21 Conn. App. 538, 544 (1990). While it is true that the failure to give or the insufficiency of public notice, the purpose of which is constructive notice, cannot be waived or conferred by consent (Lauer, at 461-462), the Plaintiff was not in the category of persons entitled to this notice and, accordingly, has no standing to assert an alleged defect in the notice to the public. Lauer, at 465. As stated in Danseyar v. Zoning Board of Appeals, supra, "Besides the plaintiff, a proponent of the petition, has failed to show how he was prejudiced, since he and his attorney were in attendance at the hearing and were fully heard."
Finally, Waste Management of Connecticut, Inc. v. New Milford Zoning Commission, 6 Conn. L.Rptr. 60 (1992) holds that a zoning commission may render a decision approving a zoning change at a commission meeting held one year after the close of the public hearing held with respect to that ordinance, without providing further public notice of its intention to consider and CT Page 5173 vote on the proposed zone change.
Thus, this court concludes proper legal notice was given of the public hearings held by the Town Council on the R-80 zone changes and location.
(2) The issues of reasons given by Town Council for its actions and confirmity with the town's comprehensive plan.
Plaintiff claims the Town Council did not expressly state the reasons for its actions and this failure rendered those actions illegal.
Sections 8-3 (a) provides that a zoning commission changing zoning regulations or district boundaries "shall state upon its records the reason why such change is made." However, where no formal reasons are stated, the court must search the entire record for a basis upon which to uphold the commission's decision. Parks v. Planning Zoning Commission 178 Conn. 657,661-62 (1979). In this case the council's decisions may be sustained if they conform to the West Hartford Comprehensive Plan and are reasonably related to the powers enumerated in8-2, Protect Hamden/North Haven from Excessive Traffic and Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527,545 (1991).
In the absence of a formally adopted comprehensive plan, "the Town's comprehensive plan `is to be found in the scheme of zoning regulations themselves.'" Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 713 (1988) quoting Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 656 (1980). "A comprehensive plan has been defined as a general plan to control and direct the use and development of property and municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties." Summ v. Zoning Commission, 150 Conn. 79, 87 (1962). In the instant matter, the Town of West Hartford has no formal comprehensive plan. Accordingly, the zoning regulations themselves and the zoning map constitute the comprehensive plan.
Plaintiff argues that the scheme of zoning regulations and the zoning map reveal a comprehensive plan to not exceed the density permitted under R-40. Plaintiff, however, ignores that an R-80 zone had been earlier adopted by Town Council, although not previously applied to West Hartford land. The 1987 Plan of Development adopted by Town Council stated that its land use objective for the Albany Avenue West land was "to preserve existing open space and wild life sanctuary." It further specified that development there should consist of "a planned residential community of law density." CT Page 5174
The reports to the Town Council described the land in question as rocky, hilly, and in a natural state. The Town Plan Zoning Commission had recommended approval of the proposed ordinances because the area was not conducive to intense development, and larger lot size was needed "due to geologic and land slope condition in the hillside area."
The R-80 (Open Space Development) ordinances clearly were adopted to implement the Town's Plan of Development.
"The requirement of comprehensive plan is generally satisfied when the zoning authority acts with the intention of promoting the best interests of the entire community." Protect Hamden/North Haven, supra, at 551; First Hartford Realty Corporation v. Plan Zone Commission, 165 Conn. 533, 541
(1973). In the instant matter, the record supports the conclusion that the Council acted in the "best interests of the entire community." Taken as a whole, the record supports the fact that the Council took its action with the intent to preserve the natural and environmental resources and open spaces as they existed in the applicable zone. Moreover, the Commission had concerns with respect to excessive traffic, hazardous roads, the absence of water and sewer lines, presence of ridge lines, control of erosion which might be occasioned by heavy development on steep slopes, and the unique topography of the land. The fact that the subject amendments and zone change also implemented the Town Plan of Development, demonstrates that the Town Council was acting in the "best interests of the entire community" and consistent with the town's comprehensive plan.
The second prong of the applicable test is that the action of the local zoning authority must "bear a rational relationship to the subjects which fall fairly within the police power and must be exercised through means which are not so unreasonable as to be arbitrary. State v. Hillman, 110 Conn. 92, 105 (1929) . . . . The test is whether, in light of the existing conditions, the ordinance meets the requirements of and serves the purposes stated in the statute [C.G.S. 8-2]." Faubel v. Zoning Commission, 154 Conn. 202, 210 (1966). The record supports the fact that the Commission made its decision for several of the reasons validated by 8-2, including: (1) to avoid undue concentration of population; (2) to prevent the overcrowding of land; (3) to secure safety from flood, and (4) to take account of the character of the district and its peculiar sustability for particular uses. Finally, "the upgrading of a zone in a residential, semi-rural area is the type of regulation generally upheld in Connecticut courts." Senior v. Zoning Commission,146 Conn. 531, 534 (1959); Chucta v. Planning and Zoning Commission,154 Conn. 393 (1967). CT Page 5175
In essence plaintiff asks this court to weigh and reconsider the degree to which the changes in the zoning regulations serve these valid police powers. A trial court is not permitted to evaluate competing evidence and substitute its judgment for that of the Council. Protect Hamden/North Haven, supra at 553.
Accordingly this court finds that the record reveals adequate reasons for the actions taken, the Council decided in accordance with the town's comprehensive plan, in furtherance of the police powers enumerated in 8-2 and its decisions were rationally related to these valid goals.
(3) The issue of change in circumstances.
Plaintiff claims the Town Council acted illegally by changing a zone from R-20 to R-80 without a showing of a change of circumstances. There is no merit to this contention.
While an administrative board, such as a zoning board of appeals, cannot reverse an earlier decision without a change of circumstances, when a zoning authority acts in a legislative capacity, such a showing is not necessary. Here in amending its zoning regulations and map, the Town Council was legislating and as such was "free to amend its regulations whenever time, experience and reasonable planning for contemporary or future conditions reasonable indicates the need for change." Arnold Bernard Co. v. Planning Zoning Commission, 194 Conn. 152,164 (1984).
(4) The issue of uniformity among zoning districts.
Plaintiff argues that by the new R-80 zone imposing different requirements than those imposed on the other residential districts, it violates a uniformity mandate of 8-2. The argument is without merit.
Section 8-2 provides:
 The zoning commission may divide the municipality into districts of such number, shape and area as may be best suited to carry out the purposes of this chapter . . . . All such regulations shall be uniform for each class or kind of buildings, structures or use of land throughout each district, but the regulations in one district may differ from those in another district . . . . (Emphasis added).
Thus while uniformity is required for land use within each CT Page 5176 district, different regulations are permitted between districts. This is consistent with the basic principle of zoning which allows the classification of land into different zoning districts. See Tondro, Connecticut Land Use Regulation (1974) pp. 12-14. As stated in Pleasant Valley Neighborhood Ass'n. v. Planning Zoning Commission, 15 Conn. App. 110, 114 (1988), "the statutory language contained in 8-2 only requires intradistrict uniformity, and not uniformity among all the districts in a given town, . . ."
(5) The issue of reasonable regulations v. taking.
Plaintiff argues that the amended R-80 zone so limits and restricts the development of his land as to amount to a practical confiscation. He points particularly to the following characteristics of the new R-80 zone: (1) only a minimum of 20,000 square feet and a maximum of 25,000 square feet of each 80,000 square foot lot can be used for residential purposes; (2) the balance of 80,000 square feet of each lot, or from 75% to 68.8%, must be dedicated to open space and kept in its natural state or used for private or public recreational purposes; (3) a structure on the 80,000 square foot lot can have footprint of only from 2000 to 2500 square feet.
The Town points out, however, that the regulations allow for cluster housing in an R-80 zone so a developer can get the same number of houses as in a normal R-80 subdivision without open space requirements. In fact, because of the nature of the subject land (particularly wetlands and ridge lines) a developer can get even higher density by use of cluster or attached dwelling units than might be available in a regular type of residential zone.
The determination of whether zoning restrictions on the use of land constitute a "practical confiscation" must be made on the facts of each case, with consideration being given to balancing the diminution in value to the owner against the health, safety and welfare of the community. Brecciaroli v. Commissioner of Environmental Protection, 168 Conn. 349, 356,357 (1975). When the zoning regulations deprive the land owner of any reasonable practical use of his property, the court will find a taking. Bartlett v. Zoning Commission, 151 Conn. 304,310 (1964). However, the Supreme Court stated Husti v. Zuckerman Property Exercises, Ltd., 199 Conn. 575, 580 (1986):
 "We have held on numerous occasions that zoning restrictions, so far as they reasonably promote public health, safety and welfare without depriving landowners of all economically viable use of their property, are constitutional even though the effect CT Page 5177 of the restrictions may be to limit the exercise of private property rights." (emphasis added)
See also Horak v. State, 171 Conn. 257, 261 (1976).
Here, while the amended R-80 zone and the application of that zone to plaintiff's land limit plaintiff's utilization of his land, he still can develop it for cluster and attached dwelling units. Plaintiff has failed to show this is not an economically viable use of his property. He has also failed to show to what extent the regulations diminish the value of his property. Cioffoletti v. Planning Zoning Commission,220 Conn. 362 (1991). Moreover, whatever diminution in value may result is more than offset by the public interest being promoted by preserving the ridge lines and natural condition of this unique West Hartford land on Avon Mountain.
Thus, on balance this court finds the subject regulations are reasonable and reasonably related to public purposes; the plaintiff, subject to the regulations, retails an economically viable use of his land; and there is no confiscatory taking by the Town.
The plaintiff having failed to demonstrate the Town Council acted arbitrarily, illegally or in abuse of its discretion, the appeal is, accordingly, dismissed.
R. SATTER, STATE TRIAL REFEREE