[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court sustains the appeal, finding that the plaintiff's proposed use is expressly permitted in Regulation 4.05B(11) of the defendant's zoning regulations, and remands this case to the defendant commission to approve the application under such terms and conditions as the defendant might reasonably prescribe.
I. Statement of the Case
The plaintiff Henry Maturo appeals from the February 6, 1995 decision of the defendant Town of Somers Zoning Commission denying the plaintiff's application for a special permit for a commercial golf center. The plaintiff applied for a special permit pursuant to either Regulation 4.05B(11) or Regulation 4.05B(17) of the Town of Somers Zoning Regulations [Regulations]. The defendant's notice of decision does not contain a reason for its denial of the CT Page 8338 application. [Return of Record (ROR), Item # D-8, p. 3] A search of the record, however, reflects three concerns expressed by the members of the commission. In reviewing the plaintiff's application pursuant to Regulation 4.05B(11), some members of the commission said the plaintiff's proposed use is not a permitted use because it is not a golf club. (ROR, Item ## C-36, p. 2, C-38, p. 7) In reviewing the application pursuant to Regulation 4.05B(17), some members said the proposed use is not a permitted use because it is not a membership club. (ROR, Item ## C-36, p. 2, C-38, pp. 3-4) Another member was concerned that permission granted pursuant to Regulation 4.05B(17) would authorize the plaintiff to build anything that had to do with outdoor recreation. (ROR, Item # C-32, p. 4)
The defendant acted pursuant to General Statutes § 8-3c(b) and the town's zoning regulations. The plaintiff appealed pursuant to General Statutes § 8-8 (a)(1).
II. Procedural History
The defendant's February 6, 1995 decision was published in the newspaper on February 8, 1995. (Plaintiff's Brief, p. 8). The plaintiff commenced this appeal on February 13, 1995, by service of process upon the town clerk of the Town of Somers and upon the acting chairperson Deborah Numrych (Numrych), of the Town of Somers Zoning Commission on February 15, 1995. (Sheriff's Return) The defendant filed the return of record and its answer on June 19, 1995. A supplemental return of record was filed on December 1, 1995. The plaintiff filed his brief on December 15, 1995 and the defendant filed its brief on May 16, 1996. A motion to consolidate the present matter with Maturo v. Somers,[1] Docket No. CV 95-58361 was granted by the court, Hammer, J., on August 28, 1995.
A hearing was held on June 9, 1997. Both counsel and the plaintiff were present. The plaintiff testified as to the issue of aggrievement.
Upon the plaintiff's motion, this court reopened the matter and stayed the action on August 4, 1997, until the record was completed by the filing of site plans. On August 22, 1997, this court entered a supplemental order vacating the stay, accepting the site plans to complete the record, and closing the hearing.
III. Facts
CT Page 8339
The plaintiff is a resident of Somers who applied to the defendant on July 20, 1994 for a Special Use Permit for a commercial golf center under Section 5.03, and either 4.05B(11) or 4.05B(17) of the Regulations. (ROR, Item # A-7) The golf center would comprise approximately 12 of the 18 acres of the property (ROR, Item # C-30, p. 8), which is located on Main Street in Somers, within an A-1 residential zone. (ROR, Item # A-7) Public hearings were held on November 21, 1994 and December 5, 1994. (ROR, Item ## C-30, C-32) On December 5, 1994, the public hearing was closed. (ROR, Item # C-32, p. 9) The matter was on the agenda for January 3, 1995 for discussion and possible decision. (ROR, Item # C-31) On January 3, 1995, the matter was continued to January 17, 1995. (ROR, Item # C-34, p. 3) At the January 17, 1995 meeting, the matter was discussed extensively by one member and then was continued so the other members could review the materials. (ROR, Item # C-36, p. 10). On February 6, 1995, the members of the commission discussed the application and then voted unanimously to deny the application. (ROR, Item # C-38, p. 7)
IV. Jurisdiction
A. Aggrievement
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over an administrative appeal. Jolly,Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192, 676 A.2d 831
(1996). In the present case, the plaintiff is the record owner of the property that is the subject of the defendant's decision. (Plaintiffs' Exhibit A) In addition, the plaintiff properly pleaded aggrievement. (Complaint, ¶ 4).
B. Timeliness
The plaintiff served process on the defendant's chairperson and the town's assistant clerk on February 15, 1995, which is less than fifteen days after the defendant's decision was published in the local newspaper on February 8, 1995.[2] This appeal, therefore, is timely and the proper parties were served, pursuant to General Statutes § 8-8 (b), (e).
C. Citation
In administrative appeals, the citation is analogous to the writ used to commence a civil action and directs a proper officer to summon the agency whose decision is being appealed. Sheehan v.CT Page 8340Zoning Commission, 173 Conn. 408, 412, 378 A.2d 519 (1977). There is a proper citation. (Sheriff's Return)
D. Bond
Giving a bond with surety is an essential element in taking an administrative appeal. Sheehan v. Zoning Commission, supra,173 Conn. 410. The plaintiff has filed a bond taken for the benefit of the defendant. (Appeal Bond)
V. Scope/Standard of Judicial Review
When acting upon a special permit, a zoning commission acts in an administrative capacity. Double I Limited Partnership v. Planand Zoning Commission, 218 Conn. 65, 72, 588 A.2d 624 (1991). Upon appeal, the trial court reviews the record before the board to determine whether it acted fairly or with proper motives or upon valid reasons. (Internal quotation marks omitted.) A.P. W.Holding Corp. v. Planning Zoning Board, 167 Conn. 182, 186-87,355 A.2d 91.(1974). "When a zoning authority has stated the reasons for its actions, a reviewing court may determine only if the reasons given are supported by the record and are pertiment to the decision." (Internal quotation marks omitted.) Whisper WindDevelopment Corp. v. Planning Zoning Commission,32 Conn. App. 515, 522, 630 A.2d 108 (1993), aff'd, 229 Conn. 176,640 A.2d 100 (1994). "[W]here there is a failure to comply with the obligation to state reasons, the action is not deemed void but the court must search the record to see whether the board was justified in its decision." (Internal quotation marks omitted.) West HartfordInterfaith Coalition, Inc. v. Town Council, 228 Conn. 498, 515,636 A.2d 1342 (1994).
VI. Discussion
The plaintiff has proposed a commercial golf center, which in essence, is an enhanced driving range. (ROR, Item # C-30, pp. 10-11) The proposal includes 15 tee boxes, a putting green, a grass tee area and three target greens. (ROR, Item # C-30, p. 11) The golf center would have a small building, a fence and netting, and lighting. (ROR, Item # C-30, pp. 8, 12-13)
The Town of Somers has enacted zoning regulations pursuant to General Statutes § 8-2. Regulation 5.03 allows for the application of a special use permit. (ROR, Item # I, pp. 61-66) Regulation 4.05B provides a schedule of permitted uses. (ROR, Item # I, p. CT Page 8341 55) Regulation 4.05B (11) states "[c]ommercial swimming, golf or country clubs" and Regulation 4.05B.(17) states "[m]embership clubs, outdoor recreation****" are permitted in an A-1 zone by a special use permit. The four asterisks are explained in a footnote as "[p]roperty shall contain four hundred (400) square feet of land per member." (ROR, Item # B, pp. 5-6)
The plaintiff claims that his commercial golf center meets the requirements of the special use allowed in an A-1 zone pursuant to either Regulation 4.05B(11) or Regulation 4.05B(17). The plaintiff argues that by denying his special use application, the defendant acted illegally, arbitrarily and in abuse of its discretion because the defendant (1) failed to state upon the record the reason for its decision, (2) ignored its zoning regulations, (3) selectively enforced the zoning regulations, (4) illegally delegated its authority to its staff and permitted staff to participate in the public hearings and (5) because some members prejudged the application prior to reviewing evidence.
The defendant counters that the commercial golf center was not a permitted use under either section of the regulations. The defendant argues that the record reflects the rationale for the denial and that the defendant used its discretion in a fair and reasonable manner.
A. Decision on the Record
The defendant's decision did not provide a reason for the denial of the application. (ROR, Item # D-8, p. 2) The legal notice of the decision did not provide a reason for the denial of the application. (ROR, Item # D-8, p. 3) The plaintiff argues that General Statutes § 8-3c(b) required the defendant to state upon the record the reason for its decision, and failure to do so is arbitrary and capricious. The General Statutes and the defendant's regulations state that the defendant shall state upon its records the reason for its decision. General Statutes § 8-3c (b); Regulations § 5.03.08(c) (ROR Item # I, p. 66). "[T]he provision is directory only, so that failure to comply with it does not render the board's action void." Morningside Association v. Planning Zoning Board, 162 Conn. 154, 156, 292 A.2d 893.(1972). "It is desirable for the zoning authority to state on the record its reasons for its action, since if it does not, the trial court must search the record to find a basis for the action taken." A.P. W.Holding Corp. v. Planning Zoning Board, supra, 167 Conn. 186. CT Page 8342
This court finds that the defendant's failure to state a formal decision on the record is not arbitrary, illegal or an abuse of discretion.
B. Searching the Record for a Basis for the Decision
When a "zoning commission fails to present a formal collective statement of reasons the court must search the entire record to find a basis for the commission's decision. (Internal quotation marks omitted.) West Hartford Interfaith Coalition, Inc.v. Town Council, supra, 228 Conn. 514.
This court has searched the record to find the basis of the defendant's decision. In searching the record, the court has found that at the January 17, 1995 meeting, a member of the commission expressed concern that Regulation 4.05B(11), "[c]ommercial swimming, golf or country clubs," limited golf uses to those within a golf club. He said the regulation must be read as permitting (1) commercial swimming, (2) a golf club, (3) a country club. "Now I'm maintaining that when it's, when it says `golf or country club,' that you can also write this as `golf club' or `country club.'" (ROR, Item # C-36, p. 2). At the February 6, 1995 meeting, other members also expressed such concern. (ROR, Item # C-38, p. 7)
This court has also found that at the January 17, 1995 meeting and again at the February 6, 1995 meeting, a member of the commission expressed concern that Regulation 4.05B(17), "[m]embership clubs, outdoor recreation****," limited uses to those within a membership club and therefore the plaintiff's commercial use was not a permitted use. (ROR, Item ## C-36, p. 2, C-38, pp. 3-4) "Now to me to have a member, there's a membership and there must be a club." (ROR, Item # C-36, p. 2). In the transcript of the December 5, 1994 hearing, another member expressed concern that if the defendant permitted the use as outdoor recreation pursuant to Regulation 4.05B(17) the plaintiff would be entitled to use the property for more than golf. (ROR, Item # C-32, pp. 4-6) "I would like to have him put into there the statement `outdoor golf recreation,' something of this nature, so it limits. Outdoor recreation, you could have anything. And it's more of a technical statement. I have no problem with the rest of it. It's just that it's a, it's a limiting statement."[3] (ROR, Item #C-32, p. 4)
After searching the record, this court finds that the defendant denied the plaintiff's application pursuant to Regulation 4.05B (11) for the reason that the proposal did not consist of a CT Page 8343 golf club. This court also finds that the defendant denied the plaintiff's application for a commercial golf center pursuant to Regulation 4.05B (17) for two reasons. First, the defendant feared the plaintiff would create future violations of the special permit, and second, the proposal did not consist of a membership club.
C. Meeting the Regulations
1. Regulation 4.05B (11)
"Commercial swimming, golf or country clubs"
The defendant claims this regulation allows golf only when golf is played on a golf course as part of a golf club. The plaintiff argues that this provision allows for a commercial swimming use, a commercial golf use and a commercial country club use. "A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations." (Citation omitted; internal quotation marks omitted.) HousatonicTerminal Corp. v. Planning Zoning Board, 168 Conn. 304, 307,362 A.2d 1375. (1975). The zoning commission's "function is to determine whether the applicant's proposed use is expressly permitted under the regulations . . . ." (Citation omitted; internal quotation marks omitted.) Id. The zoning commission has no discretion to deny the special permit if the regulations and statutes are satisfied. Irwin v. Planning Zoning Commission,45 Conn. App. 89, 96, 694 A.2d 809, cert. granted, 241 Conn. 925
(1997). "Upon appeal, the trial court reviews the record before the board to determine whether it decided fairly or with proper motives or upon valid reasons." (Internal quotation marks omitted.) A.P. W. Holding Co. v. Planning Zoning Board, supra,167 Conn. 186-87. In reviewing the record before the defendant to determine whether the defendant acted fairly or with proper motives or upon valid reasons in denying the plaintiff's application, this court finds that the record does not support the reasons offered by the individual members of the commission.
This court finds that Regulation 4.05B (11) begins with the word commercial and ends with the word club, two conflicting terms. Club is defined in the regulations as "an organization catering exclusively to members and their guests, provided that the purpose of the club is not conducted primarily for gain, and that no commercial activities are conducted except as required generally for the membership and purposes of the club." (ROR, Item #I, p. 3) This inherent conflict forces each of these three uses to be read CT Page 8344 independently of the others, (1) commercial swimming, (2) golf, (3) country club. Not all of the defendant's regulations require such a forced reading. See Regulation 4.05C(7), which permits "[n]on-commercial swimming pools and tennis courts," and Regulation 4.05C(8), which allows "[n]on-commercial greenhouse, storage sheds, boathouse." (ROR, Item # I, p. 56) Nevertheless, the regulation at issue in the present matter, to have any meaning at all, must be read to allow a special permit to issue for the use of golf. The regulation permits commercial golf as well as a golf club.[4]
"Despite deference to the agency on factual issues and findings, a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be disturbed, for if it did the right of appeal would be empty." (Citation omitted; internal quotation marks omitted.) GraceCommunity Church v. Planning Zoning Commission,42 Conn. Sup. 256, 263, 615 A.2d 1092 (1992), aff'd, 30 Conn. App. 765,622 A.2d 591 (1993). The trial court is required to decide whether the defendant properly interpreted its regulation and properly applied it to the facts of this case. Danseyar v. Zoning Board of Appeals,164 Conn. 325, 321 A.2d 474 (1973). "Where none of the assigned reasons is valid, the court can sustain the appeal and order the special permit granted." (Citation omitted; internal quotation marks omitted.) Grace Community Church v. Planning ZoningCommission, supra, 42 Conn. Sup. 261.
This court finds that the reason given by the defendant for denying the application pursuant to Regulation 4.05B (11) is not valid. Accordingly, the court must sustain the appeal and order the defendant to approve the permit "under such terms and conditions as the commission might reasonably prescribe in accordance with its regulations." Mobil Oil Corp. v. ZoningCommission, 30 Conn. App. 816, 821, 622 A.2d 1035 (1993).
The plaintiff's application was filed pursuant to Regulation 4.05B (11) or Regulation 4.05B (17). Finding that Regulation 4.05B (11) expressly permits the plaintiff's proposed use, this court will not address whether Regulation 4.05B (17) also permits the proposed use. In addition, this court will not address the other claims made by the plaintiff in this appeal.
VII. Conclusion
The appeal is sustained and remanded to the defendant to approve the special use permit under such terms and conditions as CT Page 8345 the defendant might reasonably prescribe in accordance with its regulations.
BY THE COURT, Hon. Jonathan J. Kaplan